UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER G. WINGO,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 3:16-CV-05619-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Jennifer G. Wingo filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to discuss significant, probative evidence showing Plaintiff's back impairment to be severe. The ALJ further erred when he failed to provide specific and legitimate

reasons supported by substantial evidence in support of his decision to give only minimal weight to Dr. Brown's medical opinion. Had the ALJ properly considered pertinent evidence regarding Plaintiff's back impairment and properly considered the medical opinion evidence, the residual functional capacity may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 23, 2008, Plaintiff filed an application for SSI and DIB, alleging disability as of July 1, 2006. *See* Dkt. 13, Administrative Record ("AR") 125-132, 632. The application was denied upon initial administrative review and on reconsideration. *See* AR 66-69, 70-74, 632. On January 6, 2011, ALJ Marguerite Schellentrager found Plaintiff not disabled. AR 17-26, 632. The Appeals Council denied Plaintiff's administrative appeal. *See* AR 1-5, 632. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. *See* AR 724-735; *Wingo v. Colvin*, 3:12-CV-05582-BHS-KLS (W.D. Wash.).

On remand, Plaintiff received a second hearing before ALJ Robert P. Kingsley, who again found Plaintiff not disabled. AR 629-647. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making ALJ Kingsley's decision the final decision of the Commissioner. *See* AR 622-624; 20 C.F.R. § 404.981, § 416.1481. Plaintiff now appeals ALJ Kingsley's decision finding Plaintiff not disabled.[1]

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Kingsley and his July 7, 2015 decision.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding Plaintiff's back condition and hepatitis C were not severe impairments at Step Two; (2) providing legally insufficient reasons for rejecting medical source opinions; (3) failing to provide clear and convincing reasons for finding Plaintiff not entirely credible; (4) failing to provide germane reasons for rejecting lay testimony; (5) finding Plaintiff capable of performing her past relevant work at Step Four; and (6) basing his Step Five finding on his erroneous residual functional capacity (RFC) assessment. Dkt. 16, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ erred by finding Plaintiff's back impairment and hepatitis C did not constitute severe impairments at Step Two.**

Plaintiff asserts the ALJ erred in failing to find Plaintiff's (A) back pain associated with multilevel degenerative disc disease, spondylosis, and herniated disc, and (B) hepatitis C were severe impairments at Step Two. Dkt. 16, pp. 15-16.

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs,

including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

A. Back Impairment

The ALJ found Plaintiff's multilevel degenerative disc disease, spondylosis, and herniated disc were not severe impairments at Step Two because the record showed minimally related treatment and complaints from Plaintiff to medical providers related to these conditions. AR 635. The ALJ cited Plaintiff's treatment records indicating lack of symptoms associated with her conditions including lack of tenderness, full range of motion, full strength, intact sensation, and stable and normal gait. AR 635 (citing AR. 882, 886, 888, 1072, 1074, 1077, 1085). The ALJ further found the record, including Plaintiff's testimony and functional report, failed to establish Plaintiff's back conditions have more than a minimal effect on her ability to perform basic work activities. AR 635.

However, the ALJ failed to discuss objective medical evidence showing Plaintiff was diagnosed with and treated for chronic back pain associated with degenerative disc disease, spondylosis and herniated disc. *See* AR 1070-77, 1081-88. These diagnoses are supported by objective findings in Plaintiff's July 2014 CT scan which showed,

> disc bulge with superimposed right paracentral and central disc protrusion causing moderate anterior thecal sac effacement at L4… compression of the L5 nerve root, left paracentral disc herniation at T12-L1, causing mild effacement of the lateral recess affecting L1 nerve root, NFN L4-5, L2-3, L5-S1.

AR 1085.

The ALJ further failed to discuss evidence demonstrating Plaintiff's symptoms associated with her back impairment significantly limit her ability to conduct basic work activities such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling. *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). For example, a complete review of Plaintiff's medical records indicates that as early as 2011, Plaintiff complained of back pain. AR 160. Specifically, Plaintiff noted it was difficult for her to lift and carry due to a "long history of [domestic violence], many battering (sic), broken bones and broken ribs." *Id*. Plaintiff's records further indicate that more recently in 2014 she persistently complained of increasing right leg, tailbone, and chronic back pain. AR 1070-77. Several nurse practitioners corroborated on several occasions that Plaintiff demonstrated an antalgic, painful gait. *See* AR 1074, 1084-97. These symptoms led to several visits to the emergency room, steroid injections and unsuccessful physical therapy sessions for pain management. *Id*. Plaintiff has described her back pain as "numbness and tingling in her arms and [legs] from the elbow [down to] the hands and the knees to the feet… radiat[ing] up to her upper back." AR 1075.

In November 2014 after several failed physical therapy sessions and injection treatments, Plaintiff was referred to a pain specialist for her continued pain. AR 1081-1088. Medical records from Seattle Pain Center indicate Plaintiff's

> [p]ain is constant, [and] tends to be worse at the beginning of the day and began 2-3 years ago. It is described as a dull, sharp, stabbing, numbness, pins and needles, pounding and aching sensation. On the average, her pain is rated 7/10… She rates her pain 10/10 at worst and 4/10 at best. Her pain is increased with activity, standing, sitting twisting, lifting, reaching, rising from a chair, walking down stairs, walking up stairs, coughing, sneezing, defecating and intercourse.

AR 1082. While steroid injections reduced her coccyx pain, Plaintiff still describes her chronic pain as "throbbing that is worse with sitting." AR 1085. Plaintiff's symptoms therefore require opioid therapy for pain management. AR 1086-87.

In summary, the objective medical evidence shows Plaintiff suffers from degenerative disc disease, spondylosis, and a herniated disc. As a result of these conditions, the record shows Plaintiff has an antalgic gait and pain when standing, sitting twisting, lifting, reaching, rising from a chair, walking up and down stairs, and with increased activity. The ALJ failed to discuss this evidence when he determined Plaintiff's back impairment was not severe. As the ALJ failed to discuss significant, probative evidence regarding Plaintiff's back impairment, he erred in finding this condition was "not severe" at Step Two. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in assessing the residual functional capacity ("RFC"), the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Not only did the ALJ fail to consider probative evidence showing Plaintiff suffers from a severe impairment, the ALJ did not consider Plaintiff's degenerative disc disease, spondylosis,

1 | herniated disc or the limitations caused by these conditions when considering the remaining steps
2 | of the sequential evaluation process. For example, the ALJ did not include any physical
3 | limitations in the RFC. *See* AR 637. Evidence in the record indicates Plaintiff suffers from back
4 | pain increasing in severity during activity such as standing, sitting twisting, lifting, reaching,
5 | rising from a chair, and walking up and down stairs. The record further demonstrates Plaintiff's
6 | chronic pain is only manageable through an opioid regimen. Had the ALJ properly considered
7 | Plaintiff's back impairment at Step Two, he may have included physical limitations in RFC
8 | hypothetical question posed to the vocational expert. As the ALJ's failure to properly consider
9 | Plaintiff's degenerative disc disease, spondylosis and herniated disc at Step Two and throughout
10 | the remaining sequential evaluation process impacts the ultimate disability decision, it is not
11 | harmless.

      B. <u>Hepatitis C</u>

At Step Two, the ALJ also found Plaintiff's hepatitis C "not severe" because the record demonstrated "minimal related complaints to treatment providers or treatment" of Plaintiff's alleged symptoms associated with this condition. AR 635. In support of his finding, the ALJ relied on Plaintiff's own statements to various treatment providers from October 2009 through August 2011 demonstrating she was negative for related symptoms. AR 635 (citing AR 880-905).

While Plaintiff was diagnosed with hepatitis C, Plaintiff does not cite to any records or relevant testimony showing this condition caused more than "slight abnormality having more than a minimal" impact on her ability to work. *See Smolen*, 80 F.3d at 1290; Dkt. 16, pp. 15-16. For example, Plaintiff's family practitioner noted that her last evaluation with a gastroenterologist showed, "her liver biopsy was good and that no treatment [for history of

hepatitis C] w[a]s indicated at that time." AR 895. Additionally, as cited by the ALJ, Plaintiff either affirmatively reported she did not have hepatitis C symptoms or altogether failed to report any symptoms during unremarkable examinations from October 2009 through August 2011. AR 880-905. As Plaintiff has not shown hepatitis C has caused functional limitations on her ability to work, the Court finds the ALJ did not err when he found Plaintiff's hepatitis C was not a severe impairment. However, for the reasons stated above, the ALJ committed harmful error with regard to Plaintiff's degenerated disc disease, spondylosis and herniated disc. As such this matter is remanded for reconsideration of Step Two.

**II.     Whether the ALJ properly weighed the medical opinions.**

Plaintiff also contends the ALJ erred when he assigned minimal weight to the medical opinions of treating physicians, Drs. Brown, Ph.D, Lewis, Ph.D., Arrienda, M.D., and Burdge, Ph.D. Dkt. 16, pp. 3-13. The Court has already concluded the ALJ erred at Step Two and thus this matter should be reversed and remanded for further consideration, *see* Section I(A), *supra*. Because these errors may impact the weight given to the medical opinion evidence, the Court directs the ALJ to reconsider all medical opinions on remand. When re-evaluating this entire matter on remand, the ALJ is further specifically directed to correct the errors included in his evaluation of Dr. Brown's opinion.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. <u>Dr. Brown, Ph.D.</u>

Examining psychologist Dr. Michael L. Brown, Ph.D. conducted a psychological evaluation of Plaintiff on March 2, 2012. AR. 872-875. Following a full clinical examination of Plaintiff, Dr. Brown opined in relevant part, "Given the nature and severity of her current psychiatric symptoms, it is doubtful that she would be able to complete work at a competitive rate at this time." AR 874.

The ALJ gave little weight to this portion of Dr. Brown's opinion because the opinion was 1) inconsistent with his clinical findings, and 2) heavily reliant on Plaintiff's subjective report of symptoms and limitations. AR 644. The Court concludes the ALJ erred.

First, the ALJ assigned only partial weight to Dr. Brown's opinion because, "it is inconsistent with the doctor's clinical findings." AR 644. However, the ALJ failed to provide anything more than a conclusory statement in support of his rejection of Dr. Brown's opinion

on this basis. *See Regennitter v. Comm'r of Soc. Sec. Admin,* 166 F.3d 1294, 1299 (9th Cir. 1999)(quoting *Embrey v. Bowen, 849 F.2d 418, 421-22* (9th Cir. 1988))("To say medical opinions…are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity that our prior cases have required . . . The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct."). For example, the ALJ failed to cite specifically which of Dr. Brown's clinical findings he found inconsistent with Dr. Brown's ultimate conclusion. The ALJ further failed to provide any analysis, explanation, or additional reasoning in support of his finding. Accordingly, the ALJ failed to provide a specific and legitimate reason for assigning only partial weight to Dr. Brown's opinion.

Second, the ALJ assigned little weight to Dr. Brown's opinion contending Dr. Brown "relied heavily on the claimant's subjective report of symptoms and limitations." AR 644. The Ninth Circuit holds "when an [medical] opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

Dr. Brown conducted a psychological evaluation of Plaintiff on March 2, 2012. AR. 872. Following his examination of Plaintiff, Dr. Brown diagnosed Plaintiff with mood disorder, PTSD, anxiety disorder, and polysubstance abuse in full remission. AR. 873. Dr. Brown further concluded that while Plaintiff is able to remember and execute simple instructions and sustain concentration on simple repetitive tasks, "it is doubtful that she would be able to complete work at a competitive rate at this time [due to the nature and severity of her current psychiatric symptoms]." AR 876. In reaching these conclusions Dr. Brown conducted a

clinical interview with Plaintiff (AR 874-75), reviewed her medical and psychosocial history (AR 874), conducted a mental status examination (AR 975), and affirmatively marked "yes" when asked whether he personally observed the symptoms he reported (AR 872-73). While conducting his assessment, Dr. Brown did not discredit Plaintiff's subjective reports, and supported his ultimate opinions with his own observations and diagnoses based on the mental examination results. AR 875.

Dr. Brown based his opinions of Plaintiff's limitations on a combination of personal observations, mental examinations, and Plaintiff's mental health history and subjective reports. Therefore, the Court concludes the ALJ's finding that Dr. Brown's opinions were based primarily upon Plaintiff's subjective complaints is not a specific and legitimate reason supported by substantial evidence.

### III. Whether the ALJ erred in assessing Plaintiff's credibility, lay witness evidence, Plaintiff's RFC, and Step Five of the sequential evaluation process.

Plaintiff contends the ALJ erred when he discounted the testimony of Plaintiff, Plaintiff's friend Sharon Larson, and Plaintiff's fiancé Edward Fischer, in determining whether the claimant is able to perform the requirement of her past relevant work at Step Four and capable of performing work existing in significant numbers in the national economy at Step Five of the sequential evaluation process. Dkt. 16, pp. 16-20. The Court has already concluded the ALJ committed harmful error at Step Two and in assessing the medical opinion evidence. *See* Section I & II, *supra*. Because the ALJ's reconsideration of Step Two and the medical opinion evidence may impact her assessment of Plaintiff's subjective testimony, lay witness testimony, and the RFC, the ALJ must reconsider all of these things on remand. As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step Five to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC.

*See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**IV.    Whether the case should be remanded for an award of benefits.**

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 16, p. 20. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, based on the above identified errors, issues remain which must be resolved concerning Plaintiff's severe impairments and the medical opinion evidence and its impact on the weight given to other testimony and evidence by the ALJ. Therefore, remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 21st day of April, 2016.

David W. Christel
United States Magistrate Judge